DUPLEX ENVELOPE CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31207. Promulgated December 15, 1930.

*Frank J. Albus, Esq.*, for the petitioner.
*Harold Allen, Esq.*, for the respondent.

OPINION.

Van Fossan: The only question at issue is whether or not the income-tax return of the petitioner for the year 1922 was, in fact, a separate return and made during a taxable year in which the petitioner and its subsidiary, the Duplex Building Corporation, were affiliated, thus binding the petitioner to file a separate return

for the year 1923 unless permission to change the basis thereof were granted by the respondent.

The respondent's position is that under the stipulated facts the petitioner elected to file a separate return for the year 1922, although it was affiliated with its subsidiary within the definition of section 240 (c) of the Revenue Act of 1921. The respondent asserts that, although the subsidiary filed no return for the year 1922, it should have done so, and regards as done that which should have been done.

The Duplex Envelope Building Corporation was organized in July, 1922, for the purpose of taking title to certain real estate owned by the petitioner on which the subsidiary intended to erect a building for commercial uses. That property was to be paid for in the capital stock of the subsidiary of the par value of $155,000. Upon the incorporation of the subsidiary the petitioner had subscribed for 1,547 shares of capital stock of the initial issue, the remaining three shares being subscribed by officers of the petitioner. On June 1, 1923, 100 additional shares of the par value of $100 each were authorized to be issued to the petitioner in consideration of its curtailment of a lien against the property.

In July, 1922, the Duplex Envelope Building Corporation formally perfected its corporate organization and "considered" the exchange of its capital stock for property, but it transacted no business, had no assets or liabilities, kept no books and had no income during the year 1922. It does not appear what, if any, amount was paid in by the incorporators at the time of incorporation or that the petitioner paid its proportion thereof, but no capital stock was issued until June, 1923. Therefore, from the date of its incorporation until June, 1923, the building corporation was wholly dormant. Until the issuance of its stock to the petitioner, its officers regarded the corporation as in a formative stage and not ready to perform the functions for which it was organized.

We believe that under the circumstances of this case it should be held that the year 1923 was the first taxable year in which petitioner was confronted with the election of filing either separate returns or one consolidated return. Petitioner filed a consolidated return for 1923.

In its return for 1923 petitioner elected to file consolidated returns for that and subsequent years. The taxes here in controversy should be computed on the basis of the consolidated returns filed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK dissents.

TRAMMELL, dissenting: In my opinion the only possible ground upon which the conclusion of the Board could be justified is that the Duplex Envelope Building Corporation, although it had received its charter, had not perfected its organization, had transacted no business and had no income from any source and was therefore justified in not filing a return at all for 1922.

I think, however, that in any event, the corporation, to be relieved from the necessity of filing a return even under the circumstances above stated, should have complied with article 621, Regulations 62.

. The facts, however, in this case were stipulated and I think that these facts are sufficient to show that the corporation was legally organized. The corporation was not in such an unorganized condition as to be relieved from filing a return in accordance with section 239 of the Revenue Act of 1921. All corporations, except exempt corporations, are required to file returns regardless of whether they have any income or transact business.

On the other hand, the prevailing opinion regards the corporate organization as having been perfected in 1922. This being true, the opinion is clearly contrary to the case of *St. Louis National Base Ball Club* v. *Commissioner*, 42 Fed. (2d) 984, and the decision of the same court in the case of *Fidelity National Bank* v. *Commissioner*, 39 Fed. (2d) 51.

I think that it is immaterial in this case that the stock had not actually been issued and delivered. It is unnecessary to cite authorities of the courts to support the view that a corporation may be completely organized and even transact business without the certificates of stock having been issued to the stockholders.

The fact remains that the Duplex Envelope Building Corporation was in existence as a corporation during a portion of the year 1922 and that the petitioner corporation did not file a consolidated return with it for the portion of the year 1922 when the Building Corporation was in existence, and the statute provides that under such circumstances the affiliated corporations may file either a consolidated return or separate returns. The petitioner before us filed a separate return for 1922, although it was affiliated with the Building Corporation during a portion of that year. Having filed a separate return for 1922, in my opinion, it was not entitled to change to another basis in 1923 without the permission of the Commissioner. The petitioner owned substantially all the stock of the Building Corporation and was in a position to determine what kind of return should have been filed. I fully appreciate the equities in this case, but I do not believe that we should permit a hard case to cause us to overlook what in my opinion is the plain language of the statute.